## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ZLOOP, Inc., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11660 (KJC) |
| ZLOOP, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>MSS, Inc.,<br><br>Defendant. | Adv. Pro. No. 15-51173 (KJC) |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF MSS, INC. TO DISMISS OR STAY THE COMPLAINT

Dated: September 28, 2015

**MORRIS JAMES LLP**
Brett D. Fallon (DE Bar No. 2480)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: bfallon@morrisjames.com

Attorneys for MSS, Inc.

8061307/2

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

NATURE AND STAGE OF PROCEEDINGS ............................................................. 1

SUMMARY OF ARGUMENT ................................................................................... 1

STATEMENT OF ALLEGED FACTS ....................................................................... 2

ARGUMENT .............................................................................................................. 3

I.    THE DISPUTE IN THE COMPLAINT IS SUBJECT TO MANDATORY
      ARBITRATION ............................................................................................... 3

II.   THE DEBTOR'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT DOES NOT
      STATE A PLAUSIBLE CLAIM ....................................................................... 7

      A.    Plaintiff Is Required To State Facts Demonstrating
            That It Has A Plausible Claim .............................................................. 7

      B.    The Debtor's Claim Under The Agreement Should Be Dismissed As A
            Matter Of Law Because Debtor Has Not Stated A Plausible Claim .......... 8

CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................................................7, 8

*In the Matter of Baker*,
  75 B.R. 120 (Bankr. D. Del. 1987) ...............................................................4

*B.D.W. Assoc., Inc. v. Busy Beaver Bldg. Centers, Inc.*,
  865 F.2d 65 (3d Cir. 1989).............................................................................6

*Beard v. Braunstein*,
  914 F.2d 434 (3d Cir. 1990)............................................................................6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................7, 8

*In re Burlington Coat Factory Sec. Litigation*,
  114 F.3d 1410 (3d Cir. 1997)..........................................................................8

*In re The Conference of African Union First Colored Methodist Protestant Church*,
  184 B.R. 207 (Bankr. D. Del. 1995) ..............................................................3

*In re Dayton Title Agency, Inc.*,
  304 B.R. 323 (Bankr. S.D. Ohio 2004)..........................................................5

*In re DBSI, Inc.*,
  445 B.R. 351 (Bankr. D. Del. 2011) ...........................................................8, 9

*Dean Witter Reynolds, Inc. v. Byrd*,
  470 U.S. 213 (1985)........................................................................................4

*In re Drexel Burnham Lambert Group, Inc.*,
  113 B.R. 830 (Bankr. S.D.N.Y. 1990)............................................................3

*Ethypharm S.A. v. Abbott Laboratories*,
  707 F.3d 223 (3d Cir. 2013)...........................................................................8

*In re Exide Technologies*,
  544 F.3d 196 (3d Cir. 2008)............................................................................6

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009)............................................................................7

*Gellert v. Lenick Co. (In re Crucible Materials Corp.)*,
    2011 Bankr. LEXIS 2513 (Bankr. D. Del. July 6, 2011)........................................................7

*Giuliano v. Genesis Fin. Solutions, Inc. (In re Axiant, LLC)*,
    Adv. No. 50526, 2012 WL 5614588 (Bankr. D. Del. 2012) ......................................................1

*Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith*,
    885 F.2d 1149 (3d Cir. 1989)....................................................................................................5

*Hechinger Investment Co. of Delaware v. Allfirst Bank (In re Hechinger
    Investment Co. of Delaware, Inc.)*,
    282 B.R. 149 (Bankr. D. Del. 2002) .........................................................................................6

*IPC International Corp. v. Milwaukee Golf Shopping Center LLC (In re IPC
    International Corp.)*,
    Adv. No. 14-50333, 2014 WL 5544692 (Bankr. D. Del. 2014) ...........................................1, 6

*Loomis Elec. Inc. v. Lucerne Prods. Inc.*,
    225 B.R. 381 (N.D. Ohio 1998)................................................................................................5

*Madison Foods, Inc. v. Fleming Cos. (In re Fleming Cos., Inc.)*,
    325 B.R. 687 (Bankr. D. Del. 2005).........................................................................................5

*Medtronic AVE., Inc. v. Cardiovascular Systems, Inc.*,
    247 F.3d 44 (3d Cir. 2001)........................................................................................................6

*In re Mervyn's Holdings*,
    426 B.R. 488 (Del. Bankr. 2010) .............................................................................................8

*Mintze v. Am. Fin. Servs. Inc. (In re Mintze)*,
    434 F.3d 222 (3d Cir. 2006)..................................................................................................4, 5

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
    473 U.S. 614 (1985)..................................................................................................................4

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
    460 U.S. 1 (1983)......................................................................................................................4

*Northern Pipe Line Construction Company v. Marathon Pipe Line Company*,
    458 U.S. 50 (1982)....................................................................................................................5

*In re Nu-Kote Holding, Inc.*,
    257 B.R. 855 (Bankr. M.D. Tenn. 2001) ..................................................................................4

*In the Matter of Rexene Products Co.*,
    141 B.R. 574 (Bankr. D. Del. 1992) .........................................................................................3

8061307/2

*Shearson/American Express, Inc. v. McMahon*,
    482 U.S. 220 (1987) ......................................................................................4

*Simula, Inc. v. Autoliv, Inc.*,
    175 F.3d 716 (9th Cir. 1999) .........................................................................4

*Stanziale v. Pepper Hamilton, LLP* (*In re Student Fin. Corp.*),
    335 B.R. 539 (D. Del. 2005) ..........................................................................6

*Stern v. Marshall*,
    131 S. Ct. 2594 (2011), __U.S. ___ (2011) ...................................................5

*Stout v. Byrider*,
    228 F.3d 709 (6th Cir. 2000) .........................................................................4

*In re Tribune Co.*,
    418 B.R. 116 (Bankr. D. Del. 2009) .............................................................3

*In re Trinsum Grp. Inc.*,
    467 B.R. 734 (Bankr. S.D.N.Y. 2012) ..........................................................1

*U.S. Express Lines Ltd. v. Higgins*,
    281 F.3d 383 (3d Cir. 2002) ..........................................................................8

**Statutes**

11 U.S.C. § 362 ................................................................................................1, 3

11 U.S.C. § 362(d)(1) ..........................................................................................3

11 U.S.C. § 542 .....................................................................................................6

28 U.S.C. § 157 .....................................................................................................5

**Rules and Other Authorites**

Federal Arbitration Act, 9 U.S.C. §§ 1-14 ......................................................4, 5

Fed. R. Bankr. P. 7011 .......................................................................................8, 9

Fed. R. Bankr. P. 7012(b) ......................................................................................1

Fed. R. Civ. P. 12(b)(3) .........................................................................................1

Fed. R. Civ. P. 12(b)(6) .................................................................................1, 7, 8

8061307/2

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed a complaint (the "Complaint") against MSS, Inc. ("MSS" or "Defendant"), on August 27, 2015.  On September 28, 2015, MSS moved to dismiss or stay the Complaint pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, made applicable here by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, and § 362 of the Bankruptcy Code (the "Motion").  This is MSS's Memorandum in Support of its Motion to Dismiss or Stay the Action.[1]

## SUMMARY OF ARGUMENT

The Agreement at issue between the parties in this case contains a mandatory arbitration clause.  Under federal law and policy, enforcement of arbitration agreements is favored and nothing in the text or legislative history of the Bankruptcy Code demonstrates that Congress intended to supersede the policy favoring arbitration.  This action is a straight-forward state law contract action on a prepetition agreement and will have little, if any effect on the administration of the bankruptcy estate.  Accordingly, this action should be stayed or dismissed in favor of arbitration.

To survive a motion to dismiss, the Plaintiff must plead facts demonstrating a claim for relief that is plausible on its face.  Plaintiff only pleads that it made a deposit and did not get the Equipment or its Deposit back.  A review of the Agreement indicates that this it is not a plausible claim nor does it entitle the Plaintiff to relief.  Since Plaintiff has failed to plead a plausible claim, the action should be dismissed.

---

[1]     MSS, Inc. does not consent to the entry of final orders or judgments of this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  The Court, however, may dismiss the matter or enter an interlocutory order staying the action in favor of arbitration.   *See, e.g., IPC International Corp. v. Milwaukee Golf Shopping Center LLC (In re IPC International Corp.),* Adv. No. 14-50333, 2014 WL 5544692 (Bankr. D. Del. 2014); *Giuliano v. Genesis Fin. Solutions, Inc. (In re Axiant, LLC),* Adv. No. 50526, 2012 WL 5614588 at *1 (Bankr. D. Del. 2012); *In re Trinsum Grp. Inc.,* 467 B.R. 734, 739 (Bankr. S.D.N.Y. 2012)

## STATEMENT OF ALLEGED FACTS[2]

The Complaint filed by ZLOOP, Inc. alleges the following:

On June 10, 2014, Plaintiff and Defendant entered into a contract through which Defendant agreed to provide an optical separation system, a 64" wide L-VIS™ Module, Model LVR-1600-2D-M (the "Equipment"), for the mechanical separation of pre-processed e-scrap or metal scrap to Plaintiff, for $335,000 (the "Agreement"). Compl. ¶ 9. Per the terms of the Agreement, 40% of the $335,000 purchase price - $134,000 – was to be paid on the date of the purchase order as a down payment toward the Equipment (the "Deposit"). The estimated ready for shipment time of the Equipment was 14 weeks from the receipt of the Deposit. *Id*. at ¶ 10. Plaintiff paid the Deposit for the Equipment to Defendant on June 10, 2014, and Defendant accepted the Deposit. *Id*. at ¶ 11. The Agreement provides that another 30% ($100,500) was due 6 weeks from date of the order, and another 25% ($83,750) was due upon notification by MSS to the customer that the Equipment was ready for shipment (*See Affidavit of Greg Thibado*, filed simultaneously herewith, at Exh. A, p. 3 of 6).[3]

The Complaint makes no allegation that the required subsequent payments after the Deposit were made. The Complaint concludes that the Defendant has failed or refused to deliver the Equipment to Plaintiff and Defendant has failed to return the Deposit to Plaintiff. *Id*. at ¶¶ 12-13. Plaintiff alleges that it is entitled to a return or refund of the Deposit. *Id*. at ¶ 14.

The Agreement also has a mandatory arbitration clause:

> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by binding arbitration in Nashville, Tennessee before a single, neutral arbitrator in accordance with the rules then in effect of the American Arbitration Association, and judgment rendered upon the award, including such reasonable attorney's fees as may be

---

[2]  Solely for purposes of this motion, MSS assumes that the non-conclusory facts asserted in the Complaint are true.

[3] While the Agreement is not attached to the Complaint, this Court may consider the Agreement itself in connection with the Motion. *See* p. 8, fn. 6, *infra*.

> awarded the prevailing party, may be entered by any court having
> jurisdiction thereof.

Thibado Affidavit at Exhibit A, p. 5

## ARGUMENT

## I.    THE DISPUTE IN THE COMPLAINT IS SUBJECT TO MANDATORY ARBITRATION

This action should be stayed and ZLOOP is compelled to comply with the mandatory arbitration provision set forth in the Agreement cited above.    Section 362(d)(1) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay … for cause ….

The term "cause" is not defined in the Bankruptcy Code, but must be determined on a case-by-case basis. *See In the Matter of Rexene Products Co*., 141 B.R. 574, 576 (Bankr. D. Del. 1992) ("*Rexene*"). The legislative history attendant to section 362 states that cause may be established by a single factor such as "a desire to permit an action to proceed … in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." *Rexene*, 141 B.R. at 576 (citations omitted). The legislative history further states that:

> "It will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere."

*Id*. *576; see also In re Tribune Co., 418 B.R. 116, 126* (Bankr. D. Del. 2009)*; In re The Conference of African Union First Colored Methodist Protestant Church*, 184 B.R. 207, 218 (Bankr. D. Del. 1995) ("[T]he existence of a more appropriate forum than the bankruptcy court is "cause" for relief under Code § 362(d)(1)."); *In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n.8 (Bankr. S.D.N.Y. 1990) (citing various examples of "cause" to permit litigation in another forum such as liquidation of a personal injury, arbitration or specialized

jurisdiction claims); *In the Matter of Baker*, 75 B.R. 120, 121 (Bankr. D. Del. 1987) (granting relief from stay to permit Family Court to determine issues with which it had expertise).

Cause exists here because as a matter of federal policy, reflected in the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-14, the enforcement of arbitration agreements is favored. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983); *Mintze v. Am. Fin. Servs. Inc. (In re Mintze)*, 434 F.3d 222, 229 (3d Cir. 2006).  If a party seeks to oppose a pre-petition arbitration agreement, the burden falls on that party to demonstrate that Congress intended a specific statute to supersede the Arbitration Act's policy in favor of arbitration. *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 227 (1987); *In re Nu-Kote Holding, Inc.*, 257 B.R. 855 (Bankr. M.D. Tenn. 2001).  Any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration.  *Stout v. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 719 (9th Cir. 1999)). In *Shearson/American Express,* the Supreme Court enumerated a three-prong analysis to determine if Congress intended a particular statute to supersede the policy in favor of the enforcement of arbitration agreements.  The Supreme Court stated that courts must look to the following to determine whether the statute in question overrides the policy favoring the enforceability of arbitration agreements:

a.   the text of the statute;
b.   the statute's legislative history; or
c.   whether an inherent conflict between arbitration and the underlying purposes [of the statute] exists.

*Shearson/American Express,* 482 U.S. at 227.

Courts in this Circuit considering the issue of the enforceability of arbitration agreements in bankruptcy consistently have concluded that nothing in the text or the legislative history of the Bankruptcy Code demonstrates that Congress intended to supersede the policy favoring

arbitration.  In *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith*, 885 F.2d 1149, 1161 (3d Cir. 1989)("*Hays*"), a chapter 11 trustee filed a Complaint against defendant based on federal and state securities violations and the Bankruptcy Code's avoidance powers. The Third Circuit held that a court lacks discretion to deny enforcement of an otherwise applicable arbitration clause in a prepetition contract between the defendant and debtor. *Hays* made clear, *inter alia*, that the federal policy favoring enforcement of arbitration clauses applies to debtors and their successors; i.e. trustees, in bankruptcy cases. In *In re* Mintze, 434 F.3d 222, 231 (3d Cir. 2006), the Third Circuit clarified that the standard articulated in *Hays* applies equally to core and non-core proceedings.  *See also Madison Foods, Inc. v. Fleming Cos. (In re Fleming Cos., Inc.)*,  325 B.R. 687, 690 (Bankr. D. Del. 2005) ("There is a strong federal policy in favor of arbitration, as codified by the Federal Arbitration Act… [T]he Court shall stay any action which is arbitrable pursuant to a written arbitration agreement and may compel the parties to arbitrate. As a matter of federal law, any doubts concerning the scope of arbitration should be resolved in favor of arbitration.") (Citations and quotations omitted).

    Applied to this case, that means a bankruptcy court lacks discretion to deny enforcement of the arbitration provision in the prepetition Agreement.  The Claims asserted in the Complaint are all non-core.[4]  There is nothing in the Bankruptcy Code that suggests that a Debtor's

---

[4] The Supreme Court has held in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), __U.S. ___ (2011), that Marshall's claim, which was a state tort action, was non-core because it "exists without regard to any bankruptcy proceeding". Stern, 131 S. Ct. at 2618.  Like *Stern*, this is simply a state law cause of action (contract action in this case) that would have existed with or without the filing of the bankruptcy case.  Under *Stern*, it is therefore a non-core matter. Indeed, the Supreme Court has been consistent on this point, going back as far as *Northern Pipe Line Construction Company v. Marathon Pipe Line Company*, 458 U.S. 50 (1982). There, Supreme Court held that Article I bankruptcy courts do not have the power to adjudicate "state-created private rights" that are within the province of Article III courts. *Id.* at 51. Further, the Supreme Court held that the bankruptcy court did not have jurisdiction to hear a post-petition suit brought by a Chapter 11 debtor for breach of contract and warranty, misrepresentation, coercion and duress. The Supreme Court concluded that the debtor's "right to recover contract damages to augment its estate" was a private right. *Id*. Accordingly, the plurality opinion held that the bankruptcy court did not have jurisdiction to hear the proceeding.

Since the Complaint is based purely on state law and could never have been brought before this Court absent the Debtors' bankruptcy, the entire Complaint is non-core.  Actions that are merely related to cases filed under the Bankruptcy Code are "non-core" matters, as defined by 28 U.S.C. § 157. *See In re Dayton Title Agency, Inc.*, 304 B.R. 323, 328 (Bankr. S.D. Ohio 2004).  By definition, non-core related proceedings are those matters which are traditional state law actions, not subject to a federal rule or decision, but are related, though only peripherally, to a pending bankruptcy case.  *Loomis Elec. Inc. v. Lucerne Prods. Inc.*, 225 B.R. 381, 387 (N.D. Ohio 1998).  This is

8061307/2

Complaint for alleged breach of a prepetition contract should override the strong public policy in favor of arbitration. This Court should and must enforce the arbitration provision. Even if this Court found the allegations in this prepetition state court lawsuit to constitute a core proceeding (which they are not), the burden would fall on ZLOOP to demonstrate an inherent conflict between the pre-petition arbitration agreement and the Bankruptcy Code, and congressional intent to override the parties' agreement to preserve specific Bankruptcy Code rights. ZLOOP cannot satisfy this burden. Moreover, since federal policy favors arbitration, "a court resolves doubts about the scope of an arbitration agreement in favor of arbitration." *Medtronic AVE., Inc. v. Cardiovascular Systems, Inc.*, 247 F.3d 44, 55 (3d Cir. 2001).

This proceeding will have little, if any, effect on the administration of the bankruptcy estate. All of the Complaint's claims are pre-petition state law claims, the elements and merits of which are all governed by Tennessee law. ZLOOP does not assert any legitimate claims arising under the Bankruptcy Code or other Federal law.[5] Each of the Claims relate to events arising prior to the Petition Date and are completely unrelated to the bankruptcy case. This action should be stayed and if the Debtor wants this case adjudicated, the Debtor should be required to arbitrate in accord with the Agreement.

---

not a core proceeding because all aspects relate solely to state law causes of action based on pre-petition events. For jurisdictional purposes, such a proceeding is "related to" a case under Title 11 and not a proceeding "arising under" Title 11 or "arising in" a Title 11 case and is therefore a non-core proceeding. *Beard v. Braunstein*, 914 F.2d 434, 443 (3d Cir. 1990); *see also*, *In re Exide Technologies*, 544 F.3d 196, 207 (3d Cir. 2008).

[5] ZLOOP purports to invoke the Bankruptcy Code by alleging that its action is a Complaint for turnover under § 542 of the Bankruptcy Code. Compl. at ¶¶ 15-22. Even if it were a core claim, it would still be subject to mandatory arbitration. But it is not a core claim. The Complaint is an action to attempt to recover on a disputed breach of a prepetition contract. A Debtor may not use section 542 to recover a debt if the debt is in bona fide dispute. *See, e.g.*, *IPC International Corp. v. Milwaukee Golf Shopping Center LLC* (*In re PIC Int'l*), 2014 WL 5544692 (Del. Bankr. Nov. 3, 2014); *Stanziale v. Pepper Hamilton, LLP* (*In re Student Fin. Corp.*) 335 B.R. 539, 554 (D. Del. 2005); *Hechinger Investment Co. of Delaware v. Allfirst Bank* (*In re Hechinger Investment Co. of Delaware, Inc.*) 282 B.R. 149, 162 (Bankr. D. Del. 2002). The Third Circuit has held that a bonafide dispute exists "if there is a genuine issue of a material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts." *B.D.W. Assoc., Inc. v. Busy Beaver Bldg. Centers, Inc.*, 865 F.2d 65, 66 (3d Cir. 1989). Here, the contention that MSS is liable to return the deposit is hotly disputed. Indeed, it is clear from Debtor's inability to allege that it made the required payments under the contract, that it was debtor who breached the contract. Thus, the improper invocation of §542 does not convert this stae law contract action into a core bankruptcy proceeding.

## II.   THE DEBTOR'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT DOES NOT STATE A PLAUSIBLE CLAIM

### A.   Plaintiff Is Required To State Facts Demonstrating That It Has A Plausible Claim

To survive a Rule 12(b)(6) motion to dismiss, the Debtor must plead facts demonstrating a claim for relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Complaint is facially plausible only "when the plaintiff pleads ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gellert v. Lenick Co. (In re Crucible Materials Corp.)*, 2011 Bankr. LEXIS 2513, *6 (Bankr. D. Del. July 6, 2011) (quoting *Iqbal*, 129 S.Ct. at 1949) (emphasis added). Thus, "a Complaint must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Applying the heightened pleading standards of *Twombly* and *Iqbal*, the Third Circuit requires courts to conduct a two-part analysis when presented with a Rule 12(b)(6) motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of the claim. *Id.* at 210-11. Although the court accepts the well-pleaded facts as true, it may disregard legal conclusions. *Id.* Second, the court must determine if the Complaint shows an entitlement to relief with its facts. *Id.* at 211. Unless a Complaint "set[s] out 'sufficient factual matter' to show that the claim is facially plausible", it should be dismissed. *Id.* at 210 (quoting *Iqbal*, at 677). "This 'plausibility' determination will be a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, at 679)

This standard requires "more than a sheer possibility" that a defendant has acted wrongfully. *Id.* (quoting *Iqbal*, at 678). Further there must exist "a short and plain statement of

the claim showing that the pleader is entitled to relief, to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *In re DBSI, Inc.*, 445 B.R. 351, 354 (Bankr. D. Del. 2011) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

Although the court views the facts in the light most favorable to the plaintiff, it "disregard[s] legal conclusions and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Ethypharm S.A. v. Abbott Laboratories*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Because ZLOOP's Complaint fails to "state[] a plausible claim for relief," *Iqbal*, 556 U.S. at 679, it should be dismissed.

**B.     The Debtor's Claims Under The Agreement Should Be Dismissed As A Matter Of Law Because Debtor Has Not Stated A Plausible Claim**

The Trustee attempts to recover from MSS payments ZLOOP made to MSS, saying in essence, ZLOOP made a deposit, but didn't get the equipment, so ZLOOP should get their deposit back. The allegations of the Complaint do not state a plausible cause of action and should be dismissed.

The Agreement[6] provides for several payments prior to delivery of the equipment. It provides for the 40% deposit upon the signing of the Agreement, which ZLOOP alleges has been paid. The complaint and the Agreement also contemplate that the Equipment would be ready to ship 14 weeks from receipt of the Deposit. Compl. at ¶ 10. Agreement at p. 3. However, the Agreement also calls for a 30% payment ($100,500) 6 weeks from date of order and a 25% payment ($83,750) due upon notification by MSS to the customer that the Equipment is ready for shipment. Agreement at p. 3. Conspicuously absent from the Complaint is any allegation made under the standards of Rule 7011:

---

[6] The general rule in considering a motion to dismiss under Rule 12(b)(6) is that a court may not consider matters outside of the pleadings unless the court is willing to treat the matter as a motion for summary judgment. However, in addition to the Complaint, the relevant record consists not only of the Complaint but also any "document integral to or explicitly relied upon in the Complaint." *U.S. Express Lines Ltd. v. Higgins*,  281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997); *In re Mervyn's Holdings,* 426 B.R. 488, 494-95 (Del. Bankr. 2010). The Agreement is integral to and expressly relied upon in the Complaint as the basis for the Complaint. *See*, e.g. Compl. at ¶¶ 9-10. Therefore, the Court can and should consider the Agreement in connection with this motion.

1) that ZLOOP made the second payment;

2) that ZLOOP made the third payment;

3) that MSS failed to manufacture the equipment;

4) that MSS did not notify ZLOOP that the equipment was ready to ship; or

5) even in conclusory fashion, that ZLOOP has complied with the terms of the Agreement.

In fact, ZLOOP only conclusorily alleges that "Defendant has failed or refused to deliver the Equipment to the Plaintiff" (Compl. at ¶ 12), and that "Defendant has failed to return the Deposit to Plaintiff" (Compl. at ¶ 13).  As a result, the Complaint concludes, "Plaintiff is entitled to a return or refund of the Deposit."  (Compl. ¶ 14).

Put simply, ZLOOP has not set forth a plausible cause of action when one considers the actual terms of the Agreement.  Under the terms of the Agreement, ZLOOP is not entitled to have the Equipment delivered or the Deposit returned simply because ZLOOP paid the Deposit.  The Agreement clearly states that MSS shall provide the equipment upon payment of the purchase price (paid upon the schedule set forth in the Agreement), and that MSS may bill ZLOOP storage of the Equipment (at the rate set forth in the Agreement) if not shipped according to the Agreement schedule.   Agreement at p. 3.   In addition, under certain circumstances, the Deposit is forfeited.  Agreement at p. 4.

In order to state a plausible claim for non-delivery of the Equipment, ZLOOP must, but cannot, allege under Rule 7011 that (1) it made all of the payments required prior to delivery of the Equipment; and (2) that it complied with all of the terms of the Agreement.  ZLOOP has not made out a plausible claim for any recovery under the Agreement.   Therefore, ZLOOP's Complaint must be dismissed.  The "sheer possibility" of a claim is not sufficient.  The pleader must make a short, plain statement showing that ZLOOP is entitled to relief, so that MSS has fair notice of what the claim is, and the grounds upon which it rests.  *In re DBSI*, *Inc.*, 445 B.R. at 354.  MSS does not know the basis for ZLOOP's claim.  Payment of a Deposit does not entitle ZLOOP to delivery of the Equipment or return of their Deposit.

8061307/2

## CONCLUSION

WHEREFORE, Defendant respectfully requests this Court to enter an Order staying or dismissing this case on the grounds that (i) any dispute under the Agreement must be arbitrated in Nashville, Tennessee in accordance with Tennessee law; or (ii) the Complaint fails to state a claim upon which relief may be granted.  In addition, the Court should grant such other and further relief as the Court deems just and proper.

Dated: September 28, 2015

**MORRIS JAMES LLP**

*/s/ Brett D. Fallon*
Brett D. Fallon (DE Bar No. 2480)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: bfallon@morrisjames.com

Attorneys for MSS, Inc.

8061307/2